UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
CHARLES ARNOLD NISTAD, JR.                        Chapter 7
AND JAYNE FITZGERALD NISTAD,                  Case No. 10-17453-WCH
           DEBTORS.
_____

MARK G. DEGIACOMO,
CHAPTER 7 TRUSTEE,
           PLAINTIFF,
                                                          Adversary Proceeding
v.                                                         No. 11-1179

CITIMORTGAGE, INC.,
CHARLES ARNOLD NISTAD, JR.
AND JAYNE FITZGERALD NISTAD,
           DEFENDANTS.
_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

      The matter before the Court is the "Chapter 7 Trustee's Motion for Summary Judgment" (the "Motion for Summary Judgment") filed by the Plaintiff, Mark G. DeGiacomo (the "Trustee"), Chapter 7 Trustee of the estate of Charles Arnold Nistad, Jr. and Jayne Fitzgerald Nistad (the "Debtors"), and "CitiMortgage, Inc.'s Opposition to Chapter 7 Trustee's Motion for Summary Judgment" (the "Opposition") filed by the defendant CitiMortgage, Inc. ("CitiMortgage"). Through the Motion for Summary Judgment, the Trustee seeks to avoid a mortgage held by CitiMortgage and preserve it for the benefit of the estate, asserting that the mistaken entry of third party names in place of the Debtors' names on the acknowledgment is a material defect rendering the mortgage avoidable pursuant to 11 U.S.C. § 544(a)(3).

1

CitiMortgage opposes the Motion for Summary Judgment, asserting that the Trustee has constructive notice of the Mortgage despite the defective acknowledgment. For the reasons set forth below, I will grant the Motion for Summary Judgment.

## II. BACKGROUND[1]

The facts of this case are not disputed by either party. On August 31, 2004, the Debtors acquired real estate (the "Property") located at 7 Royal Road, Stoughton, Massachusetts.[2] On the same day, the Debtors granted a mortgage (the "Mortgage") to CitiMortgage's predecessor-in-interest, Mortgage Electronic Registration Systems, Inc. ("MERS"), to secure a promissory note in the amount of $252,000 and recorded a Declaration of Homestead (the "Homestead").[3] The Debtors signed the Mortgage and recorded it in the Norfolk County Registry of Deeds.[4] The Mortgage, however, includes an acknowledgment section (the "Acknowledgment") that mistakenly contains the names of third parties instead of the Debtors' names. The Acknowledgment reads as follows:

> Commonwealth of Massachusetts
>
> Norfolk, SS     August 21, 2004
>
> Then personally appeared the above-named Sean W. Darcy and Joyce M. Darcy, proved to me through satisfactory evidence of identification, which were [driver's licenses] (source of identification) to be the person whose name is signed on the preceding or attached document, and acknowledged the foregoing instrument to be his/her free act and deed before me.
>
> (Seal)
>
> */s Melissa S. Swanson*

---

[1] I take judicial notice of the docket in the present case, as well as those of related cases before this Court. *See Rodi v. Southern New England School of Law*, 389 F.3d 5, 17-19 (1st Cir. 2004) (citations omitted).

[2] Statement of Material Facts, Docket No. 18 at ¶¶ 2, 4.

[3] *Id.* at ¶¶ 5-6.

[4] *Id.* at ¶ 5.

2

    Notary Public

    My Commission expires 8/22/08[5]

Where the names of the Debtors should have appeared, the names of third parties, Sean W. Darcy and Joyce M. Darcy, were mistakenly included.[6] On November 20, 2009, MERS executed an assignment of the Mortgage (the "Assignment") to CitiMortgage which was recorded in the Norfolk County Registry of Deeds on December 30, 2009.[7]

    The Debtors filed their Chapter 13 petition on July 8, 2010.[8] On June 1, 2011, the Trustee filed a complaint seeking to avoid the Mortgage pursuant to 11 U.S.C. § 544(a)(3) and to preserve the avoided Mortgage for the benefit of the estate pursuant to 11 U.S.C. § 551.[9] In response, CitiMortgage filed an answer on July 1, 2011.[10] The Trustee subsequently filed the Motion for Summary Judgment on October 4, 2011.[11] CitiMortgage filed the Opposition on November 14, 2011.[12] I held a hearing on November 30, 2011, at which time I took the matter under advisement.

---

[5] *Id.* at ¶ 12.

[6] Motion for Summary Judgment, Docket No. 18, Exhibit A.

[7] Statement of Material Facts, Docket No. 18 at ¶ 7.

[8] Chapter 13 Voluntary Petition, Docket No. 1, Case No. 10-17453-WCH.

[9] Complaint, Docket No. 1.

[10] Answer to Complaint, Docket No. 9.

[11] Motion for Summary Judgment, Docket No. 18.

[12] Opposition, Docket No. 29.

## III. POSITIONS OF THE PARTIES

### The Trustee

The Trustee's main argument is that the incorrect names in the Acknowledgment constitute a material defect that would prevent a subsequent purchaser from having notice of the Mortgage's existence, thus rendering the Mortgage avoidable pursuant to 11 U.S.C. § 544(a)(3). First, the Trustee cites *In re Bower*[13] and *In re Giroux*[14] for the proposition that Massachusetts requires strict formalities in the execution of acknowledgements, and that a validly recorded acknowledgement is a prerequisite to recordation of a mortgage. The Trustee avers that as a result of the material defect, the acknowledgment is invalid and the Mortgage never should have been recorded. The Trustee concludes that therefore the Mortgage does not provide constructive notice to a hypothetical bona fide purchaser. He contends, accordingly, that this lack of constructive notice is grounds to avoid the Mortgage pursuant to 11 U.S.C. § 544(a)(3). Similarly, the Trustee relies on *In re Ryan*[15] for the proposition that the Assignment does not provide constructive notice because it lies outside the chain of title. Finally, the Trustee argues that the Mortgage, once avoided pursuant to 11 U.S.C. § 544(a)(3), should be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

### CitiMortgage

First, CitiMortgage argues that despite the invalid acknowledgment, other validly recorded instruments, namely the Assignment and an order of notice provided pursuant to the

---

[13] *Agin v. Mortg. Elec. Registration Sys., Inc. (In re Bower)*, No. 10-1092, 2010 WL 4023396 (Bankr. D. Mass. Oct. 13, 2010).

[14] *Agin v. Mortg. Elec. Registration Sys., Inc. (In re Giroux)*, No. 08-1261, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009), *aff'd*, *Mortg. Elec. Registration Sys., Inc. v. Agin*, No. 09-CV-10988, 2009 WL 3834002 (D. Mass. Nov. 17, 2009).

[15] *Stern v. Cont'l Assurance Co. (In re Ryan)*, 851 F.2d 502, 511-12 (1st Cir. 1988).

Servicemembers Civil Relief Act[16] (the "Order of Notice"), provide constructive notice of the Mortgage. Further, CitiMortgage argues that this case is distinguishable from *In re Bower* and *In re Giroux*, and thus should have a different result, because of the validly recorded Assignment and Order of Notice. CitiMortgage attacks the Trustee's reliance on *Bower* and *Giroux* by contending that *Graves v. Graves*,[17] relied upon in both holdings, is no longer good law in light of the enactment of Mass. Gen. Laws ch. 184, § 24. Section 24 of Mass. Gen. Laws ch. 184 allows a deed with a defective acknowledgment to become valid after ten years if within the ten-year period the deed was not successfully challenged on account of the defect.[18] Relying on § 24, CitiMortgage argues that a mortgage with an invalid acknowledgment is "not unrecorded but conditionally recorded. It is analogous to a judicial decision which is on appeal but has not yet been affirmed."[19] CitiMortgage states that because the Mortgage had not been challenged for nearly six years as of the date of the Debtors' petition, and because the Acknowledgment's defect was "an obvious scrivener's error, the [Debtors] clearly signed the Mortgage, and the [Debtors] had not challenged the validity of the [M]ortgage despite the foreclosure action," the Massachusetts Supreme Judicial Court would decline to follow *Graves* in this case.[20]

CitiMortgage next contests the Trustee's assertion that the validly recorded Assignment does not provide constructive notice because it is outside the chain of title. CitiMortgage states that *In re Ryan*[21] applied Vermont law. CitiMortgage cites *Collins v. Option One Mortg.*[22] for

---

[16] 50 App. U.S.C. § 501 *et seq.*

[17] *Graves v. Graves*, 72 Mass. 391 (1856).

[18] Mass. Gen. Laws ch. 184, § 24 (1964).

[19] Opposition, Docket No. 29 at p. 3.

[20] *Id.* at p. 3-4.

[21] *In re Ryan*, 851 F.2d 502.

5

the proposition that Massachusetts law is different from Vermont law, and therefore requires a different holding. Finally, CitiMortgage argues that application of Mass. Gen. Laws ch. 184, § 25,[23] which governs "indefinite references"[24] in recorded instruments, results in the Trustee obtaining constructive notice by way of the Assignment and Order of Notice.

## IV. DISCUSSION

### A. The Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25] "A 'genuine' issue is one supported by such evidence that a 'reasonable jury, drawing favorable inferences,' could resolve it in favor of the nonmoving

---

[22] *Collins v. Option One Mortg.*, No. 09-CV-30154-MAP (D. Mass. Jan. 13, 2010).

[23] Mass. Gen. Laws ch. 184, § 25 (1959) states:

> No indefinite reference in a recorded instrument shall subject any person not an immediate party thereto to any interest in real estate, legal or equitable, nor put any such person on inquiry with respect to such interest, nor be a cloud on or otherwise adversely affect the title of any such person acquiring the real estate under such recorded instrument if he is not otherwise subject to it or on notice of it. An indefinite reference means (1) a recital indicating directly or by implication that real estate may be subject to restrictions, easements, mortgages, encumbrances or other interests not created by instruments recorded in due course, (2) a recital or indication affecting a description of real estate which by excluding generally real estate previously conveyed or by being in general terms of a person's right, title or interest, or for any other reason, can be construed to refer in a manner limiting the real estate described to any interest not created by instruments recorded in due course, (3) a description of a person as trustee or an indication that a person is acting as trustee, unless the instrument containing the description or indication either sets forth the terms of the trust or specifies a recorded instrument which sets forth its terms and the place in the public records where such instrument is recorded, and (4) any other reference to any interest in real estate, unless the instrument containing the reference either creates the interest referred to or specifies a recorded instrument by which the interest is created and the place in the public records where such instrument is recorded. No instrument shall be deemed recorded in due course unless so recorded in the registry of deeds for the county or district in which the real estate affected lies as to be indexed in the grantor index under the name of the owner of record of the real estate affected at the time of the recording. This section shall not apply to a reference to an instrument in a notice or statement permitted by law to be recorded instead of such instrument, nor to a reference to the secured obligation in a mortgage or other instrument appearing of record to be given as security, nor in any proceeding for enforcement of any warranty of title.

[24] *Id.*

[25] Fed. R. Civ. P. 56(a) made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.

6

party."[26]  Material facts are those having the potential to affect the outcome of the suit under the applicable law.[27]

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[28]

A genuine issue cannot be established by "conclusory allegations, improbable inferences, and unsupported speculation."[29]  The Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.[30]

B. <u>The Trustee's Avoidance Powers</u>

The "strong arm" clause of 11 U.S.C. § 544(a) gives a trustee various rights and powers, one of which is the power to avoid a transfer by the debtor of an unperfected security interest in real property to the same extent a bona fide purchaser could avoid the transfer, regardless of any actual knowledge of the trustee.[31]  While a trustee's avoidance power is not subject to any actual knowledge he or she may possess, it is subject to constructive knowledge.  Here, the parties dispute whether the Trustee had constructive knowledge of the Mortgage.

---

[26] *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d. 1, 2 (1st Cir. 1999) (*quoting Smith v. F.W. Morse & Co.*, 76 F.3d 413, 427 (1st Cir. 1996)).

[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

[28] Fed. R. Civ. P. 56(c)(1).

[29] *Griggs-Ryan v. Smith*, 904 F.2d 112, 116 (1st Cir. 1990) (*quoting Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

[30] *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir. 2000).

[31] 11 U.S.C. § 544(a)(3).  *See Maine Nat'l Bank v. Morse (In re Morse)*, 30 B.R. 52 (B.A.P. 1st Cir. 1983).

7

Courts in this district have consistently held that failure to fill in the blank space intended for the mortgagor's name on an acknowledgment constitutes a material defect rendering the acknowledgment invalid.[32] In *In re Giroux*, Judge Feeney predicted that the Massachusetts Supreme Judicial Court would hold that omission of a mortgagor's name in an acknowledgment is a material defect because:

> [t]o permit the names in the deed of trust to satisfy the names-in-the-acknowledgement requirement is to eliminate the acknowledgement requirement. No one doubts that the names of the individuals on the deed of trust are the names of the individuals who should appear on the acknowledgment. The very point of the acknowledgment is to have their signatures confirmed in the presence of a notary.[33]

I subsequently adopted Judge Feeney's reasoning in *In re Bower*.[34] Although the defect in the present case, namely, the inclusion of third party names in the identification clause of the Acknowledgment, is distinguishable from both *Bower* and *Giroux* where the acknowledgement omitted the names entirely, I find that the very purpose of the Acknowledgement has been similarly undermined. Therefore, I predict that if faced with this issue, the Massachusetts Supreme Judicial Court would conclude that the inclusion of third party names in the Acknowledgment is a material defect.

The effect of the material defect is to render the Acknowledgment incapable of providing constructive notice to the Trustee. While generally an acknowledgment is not a necessary part of a mortgage, under Massachusetts law, no mortgage may be recorded without being accompanied

---

[32] *In re Bower*, 2010 WL 4023396; *In re Giroux*, 2009 WL 1458173.

[33] *In re Giroux*, 2009 WL 1458173 at *7, *citing Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004).

[34] *In re Bower*, 2010 WL 4023396 at *3.

by a valid acknowledgment.[35] Nevertheless, the Mortgage in this case was in fact recorded. In *In re Bower*, I addressed the result of recording a mortgage without a valid acknowledgment:

> It is well established law in Massachusetts that a defectively acknowledged mortgage cannot be legally recorded, and if recorded the mortgage does not, as a matter of law, provide constructive notice to future purchasers. . . . *Graves* [*v. Graves*] is clear that a defective mortgage does not give constructive notice to bona fide purchasers in Massachusetts.[36]

My opinion has not changed. Accordingly, the Mortgage should not have been recorded. The effect is as if the Mortgage had never been recorded, and thus the Trustee does not have constructive notice.

CitiMortgage challenges the continued vitality of *Graves v. Graves*[37] in light of Mass. Gen. Laws ch. 184, § 24 ("§ 24"), which provides that a recorded deed with a defective acknowledgement will be treated as "effective for all purposes to the same extent as though . . . [it] had originally not been subject to the defect" if the defect is not successfully challenged within ten years.[38] Here, less than seven years have elapsed between the recordation of the Mortgage and the filing of the complaint making this a premature invocation of § 24. Even assuming, *arguendo*, that CitiMortgage's contention is correct and the deed is "conditionally recorded" in the interim, it is still no defense to the present action because the deed is not yet "effective for all purposes."[39] Indeed, CitiMortgage's palpably irrational assertion is akin to raising a statute of limitations defense years before it expires reasoning that if the suit had not

---

[35] *In re Giroux*, 2009 WL 1458173 at *4; Mass. Gen. Laws ch. 183, § 29 (2003).

[36] *In re Bower*, 2010 WL 4023396 at *5.

[37] *Graves v. Graves*, 72 Mass. 391.

[38] Mass. Gen. Laws ch. 184, § 24.

[39] Opposition, Docket No. 29 at p.3.

been brought, the limitations period would have expired. Therefore, § 24 neither helps CitiMortgage's case nor evidences a legislative intent to abrogate the rule set forth in *Graves v. Graves*.

CitiMortgage also makes an undeveloped argument based on Mass. Gen. Laws ch. 184, § 25 ("§ 25"), which I have painstakingly attempted to decipher.[40] I have concluded that CitiMortgage is arguing that even if the defective Acknowledgment prevents the Mortgage from providing constructive notice, the Assignment and Order of Notice are adequate substitutes. Applicability of § 25 hinges on the term "indefinite reference," for which § 25 provides a multi-pronged definition. Only the first prong is plausibly applicable to this case: An indefinite reference "means a recital indicating directly or by implication that real estate may be subject to . . . mortgages . . . not created by instruments recorded in due course[.]"[41] In other words, a reference is indefinite when it is to an unrecorded instrument. In the present case, because it is as if the Mortgage had never been recorded, the reference to the Mortgage in the Assignment is an

---

[40] While the United States Court of Appeals for the First Circuit recently reminded attorneys that "'[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones,'" *DiVittorio v. HSBC Bank USA, N.A. (In re DiVittorio)*, No. 11-1188, 2012 WL 33063 *12 (1st Cir. Jan. 6, 2012) (*quoting United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990)), perhaps the United States Court of Appeals for the Seventh Circuit said it best: "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). I further note that the mere quotation of authority in lieu of articulating an argument has been a recurring problem before this Court as of late. *See, e.g., Butler v. Anderson (In re C.R. Stone Concrete Contractors, Inc.)*, No. 05-1307, 2011 WL 6330168 *9 (Bankr. D. Mass. Dec. 19, 2011) (noting that "mere conclusory citations to alternate subparagraphs of [Mass. Gen. Laws ch. 228, § 1] are insufficient" to "fully flesh out arguments in their papers . . . ."); *Ameriquest Mortg. Co. v. DiMare (In re DiMare)*, No. 08-1046, 2011 WL 5552241 *10-11 (Bankr. D. Mass. Nov. 15, 2011) (expressing frustration regarding the parties' mere quotation of statutory passages without developing a corresponding argument based on that text); *Hermosilla v. Hermosilla*, 450 B.R. 276, 300 (Bankr. D. Mass. 2011) *aff'd Hermosilla v. Hermosilla*, No. BAP MB 11-045, 2011 WL 6034487 (B.A.P. 1st Cir. Nov. 14, 2011) ("Attorneys who use the English language recklessly do so at their peril as there can be no reasonable expectation that a court will decrypt their briefs in the desired way."). While the failure to flesh out an argument may not necessarily rise to the level of a violation of Fed. R. Bankr. P. 9011, *see Hermosilla v. Hermosilla*, 450 B.R. at 300, it may nonetheless "unreasonably and vexatiously" multiply the proceedings. See 28 U.S.C. § 1927.

[41] *Id.* (internal numbering omitted).

"indefinite reference".[42]   Section 25 states that an indefinite reference contained within a recorded instrument (i.e., the Assignment) does not provide a person not an immediate party to thereto (i.e., the Trustee) with notice of the unrecorded document (i.e., the Mortgage). Accordingly, § 25 actually supports the Trustee's position – that he did not have constructive notice of the Mortgage, and hence can avoid it pursuant to 11 U.S.C. § 544(a).

CitiMortgage further argues that even without the aid of § 25, the Assignment and Order of Notice are adequate substitutes for the defective Acknowledgment.  Although those documents were validly executed and properly recorded, they do not provide the Trustee with constructive notice of the Mortgage's existence because they are outside the chain of title.[43]  The Acknowledgment and Order of Notice stem from the Mortgage, and any document "stemming from" an unrecorded instrument is not within the chain of title and does not provide notice.[44] Therefore, the Trustee did not have constructive notice of the Mortgage and can avoid it pursuant to 11 U.S.C. § 544(a)(3).

---

[42] Even if the Mortgage had been recorded, CitiMortgage's argument would be to no avail. Section 25 would not apply because a recorded mortgage does not fall within the definition of an "indefinite reference." Mass. Gen. Laws ch. 184, § 25.

[43] *In re Ryan*, 851 F.2d at 511-512. *See also In re Briana*, No. 10-12770, 2008 WL 4833083 at *2 (Bankr. D. Mass. Oct. 29, 2008). CitiMortgage argues that *In re Ryan* is inapplicable to the present case because it was decided based on Vermont law, and Massachusetts law differs. While the court in *In re Ryan* did apply Vermont law to determine the effect of a missing witness signature on a mortgage, it relied on common law principles for the proposition that a document outside the chain of title does not provide notice. 851 F.2d at 511-512 (citing 4 *American Law of Property* § 17.17 (1952)). Further, the case cited by CitiMortgage as the relevant Massachusetts law, *Collins v. Option One Mortg.*, No. 09-CV-30154-MAP, is inapposite. That case deals with the problem of notice when a woman adds her husband's last name to her own after marriage, and not with the complete omission of a mortgagor's name on an acknowledgment.

[44] *Id.* at 512. Even if the result of the defective Acknowledgment was to make the Mortgage "invalidly recorded," rather than "as if it had never been recorded at all" (the distinction being perhaps only a mere artifice of language), CitiMortgage has not demonstrated that an instrument stemming from an invalidly recorded mortgage is within the chain of title and capable of providing constructive notice. The only authority CitiMortgage cites for that proposition is Mass. Gen. Laws ch. 184, § 25, which does not address invalidly recorded mortgages.

11

C. <u>Preservation of the Avoided Mortgage for the Estate</u>

Section 551 of the Bankruptcy Code automatically preserves for the benefit of the estate any transfer avoided under 11 U.S.C. § 544.[45] The purpose of 11 U.S.C. § 551 is to allow a trustee to preserve the avoided interest for the estate so that junior interest holders do not benefit from the avoidance to the detriment of the estate and its creditors. Preservation of the avoided interest "simply puts the estate in the shoes of the creditor whose lien is avoided. It does nothing to enhance or detract from the rights of that creditor viz-a-viz other creditors."[46]

In the present case, the Debtors filed their Homestead after execution of the Mortgage. Under Massachusetts law, a debtor's homestead exemption is not effective against a mortgagee where the mortgage in question was executed before the debtor recorded a declaration of homestead.[47] Because the Mortgage has priority over the Homestead and is not effective against CitiMortgage, it is similarly ineffective against the Trustee, who stepped into the shoes of CitiMortgage. Accordingly, the Trustee may preserve the Mortgage for the benefit of the estate pursuant to 11 U.S.C. § 551, and is entitled to any equity in the Property.

---

[45] 11 U.S.C. § 551.

[46] *Carvell v. Bank One, Lafayette, N.A. (In re Carvell)*, 222 B.R. 178, 180 (B.A.P. 1st Cir. 1998) (internal parentheses omitted).

[47] Mass. Gen. Laws ch. 188, §§ 8, 9; *Riley v. Sullivan (In re Sullivan)*, 387 B.R. 353, 359 (B.A.P. 1st Cir. 2008); *In re Guido*, 344 B.R. 193, 198 (Bankr. D. Mass. 2006).

**V. <u>CONCLUSION</u>**

       In light of the foregoing, I will enter an order granting the Motion for Summary Judgment.

                                                                             _____
                                                                            William C. Hillman
                                                                            United States Bankruptcy Judge

Dated: January 30, 2012

Counsel Appearing:
       Keri L. Wintle, Murtha Cullina LLP, Boston, MA,
            for Mark DeGiacomo, Chapter 7 Trustee
       Kenneth D. Wacks, Wacks & McHale PC, Wakefield, MA,
            for CitiMortgage, Inc., the Defendant